UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR-08-155-B-W |
| | ) | |
| SHARON L. FOREST | ) | |

**ORDER ON DEFENDANT'S MOTION AND ADDENDUM TO MOTION TO REQUEST TRAVEL AUTHORIZATION**

Sharon Forest, a resident of Fort Kent, Maine, is scheduled for a Rule 11 hearing in United States District Court in Bangor about 185 miles away. She says she does not have enough money to make the trip and, pursuant to 18 U.S.C. § 4285, asks the Court to order the United States Marshal to issue a check for $48.00 to reimburse her the cost of gas. *Def.'s Mot. to Request Travel Authorization* (Docket # 55); *Def.'s Addendum to Mot. to Request Travel Authorization* (Docket # 60). Section 4285 provides in part:

> Any judge or magistrate of the United States, when ordering a person released under chapter 207 on a condition of his subsequent appearance before that court . . . in which criminal proceedings are pending, may, when the interests of justice would be served thereby and the United States judge or magistrate judge is satisfied, after appropriate inquiry, that the defendant is financially unable to provide the necessary transportation to appear before the required court on his own, direct the United States marshal to arrange for that person's means of noncustodial transportation or furnish the fare for such transportation to the place where his appearance is required . . . .

18 U.S.C. § 4285.

As Ms. Forest is currently residing within the District of Maine, the United States Marshal has taken the position that the statute does not apply, because he believes it applies only to inter-district transfers. He draws support from *United States v. Lee*, which concluded that § 4285 did not apply when the travel was "occasioned by [the defendant's] desire to remain at his

home during the pendency of the[] proceedings" and that Congress did not intend to "authorize reimbursement in situations where the travel is caused by the defendant's personal wishes and not by the need to facilitate his appearance before another tribunal." 487 F. Supp. 579, 580 (E.D. Wis. 1980).

In *United States v. Birdhorse*, the North Dakota District Court recently rejected the Marshal's distinction between inter- and intra-district travel, noting that it is "not supported by the plain language of section 4285." Magistrate Judge Senechal wrote:

> Arranging for noncustodial transportation is an efficient means of securing court appearances by willing indigent defendants.  Absent that payment for noncustodial transportation, the likely result is custodial transportation following issuance of a warrant, at far higher costs to the United States Marshal's Service. However, section 4285 allows only limited payments of travel expenses to indigent defendants.  It allows only payment of one-way travel to a court appearance, and not for costs of return travel.  It allows for payment of subsistence expenses only during the course of travel, and not after a defendant has arrived at the place of appearance, even if appearance is required for an extended period of time.

No. 2:07-cr-65, 2007 U.S. Dist. LEXIS 61069, at *5-6 (D.N.D. Aug. 17, 2007) (citation omitted); *United States v. Gonzales*, 684 F. Supp. 838, 840 (D. Vt. 1988) (describing the reasoning in *Lee* as "troubling").

In *Gonzales*, the District Court in Vermont supported its conclusion that the statute authorizes payment for intra-district transportation by observing that to refuse to reimburse would be contrary to the public policy that "strongly encourages individuals awaiting trial to maintain family and employment ties." *Id.* at 840.  Further, Judge Billings observed that a rule forbidding intra-district transportation "ignores the economic reality and financial burdens placed upon indigent defendants." *Id.*  The criminal justice system, Judge Billings concluded, "should not penalize a released defendant for choosing to leave the releasing district to return home." *Id.* Finally, Judge Billings pointed out that "the inevitable result of an indigent's inability to pay

travel costs is intervention by the United States Marshal's Service.  If the indigent cannot afford to travel to court, and the government will not pay or arrange for noncustodial transportation, the government must resort to custodial transportation, a form of detention" and "[t[his Court will not tolerate, nor would the equal protection clause permit, indigency to serve as a basis for detention."  *Id.* at 841.

The Court agrees with *Birdhorse* and *Gonzales*.  By its terms, § 4285 is not restricted from intra-district transportation and there are serious public policy, and perhaps constitutional, implications from failing to provide funds for a truly indigent defendant to appear in court to enter a plea of guilty.  At the same time, whether to order payment for transportation remains discretionary.  18 U.S.C. § 4285 (stating any judge "may" direct the United States Marshal).  The statute places the onus on the defendant to demonstrate that she "is financially unable to provide the necessary transportation."  *Id.*

This is an especially heavy burden.  The fact that a defendant may be indigent for purposes of appointment of counsel, for example, is a different standard.  A person might not be able to pay for her own lawyer, but at the same time, be fully capable of finding gas money to appear at court.  The Court must find that the defendant is so destitute that she "is financially unable to provide the necessary transportation to appear before the required court on [her] own." 18 U.S.C. § 4285.

Here, Ms. Forest has failed to convince the Court that she is unable to afford transportation to court.[1]  First, although she requests $48.00, based on a round-trip from Fort Kent to Bangor and back, the statute does not provide for round trips.  It applies only to one-way

---

[1] There is a certain unintended irony in Ms. Forest seeking money from the government to come to court to plead guilty to an indictment that charges her with stealing money from the government.  Ms. Forest is charged with mail fraud, theft of public money exceeding $1,000, false statements, access device fraud, and aggravated identity theft. *Superseding Indictment* (Docket # 32).

trips to court. 18 U.S.C. § 4285 (stating that the court may "direct the United States marshal to arrange for that person's means of noncustodial transportation or furnish the fare for such transportation *to* the place where his appearance is") (emphasis supplied); *Birdhorse*, No. 2:07-cr-65, 2007 U.S. Dist. LEXIS 61069, at *6 (stating that the statute "allows only payment of one-way travel to a court appearance, and not for costs of return travel"). Ms. Forest's claim under § 4285 is limited to $24.00.

When Ms. Forest was scheduled to be arraigned, she was living in Fort Kent, and she moved to continue the arraignment because she had a medical appointment with an orthopaedic surgeon. *Def.'s Mot. to Continue Arraignment* (Docket # 5). No mention was made of a financial inability to attend the arraignment. *Id.* Ms. Forest appeared as scheduled in Bangor for arraignment on September 24, 2008. *Minute Entry* (Docket # 19). Ms. Forest makes no claim that her financial situation is different now than in September.

The motion for authorization contains assertions by her counsel as to her current financial circumstances, her receipt of social security benefits, and her usual expenses. The motion is insufficient to sustain her burden. First, the motion is not under oath. Under the statute, the defendant must prove she "is financially unable to provide the necessary transportation to appear before the required court on [her] own." 18 U.S.C. § 4285. To meet this burden, the Defendant herself, not her counsel, should file a sworn statement. Second, the list of approximate expenses includes a monthly charge of $60 for cable television. Cable television is not one of life's necessities and if Ms. Forest were to forego one month of cable television, she would be financially able to provide the necessary transportation to appear before the required court on her own. Third, given the minimal amount of money required to travel from Fort Kent to Bangor,

the Court would require a much more intensive analysis of her entire financial situation before it could conclude that she had met the burden contemplated by the statute.

The Court DENIES the Defendant's Motion to Request Travel Authorization (Docket # 55) and the Defendant's Addendum to Motion to Request Travel Authorization (Docket # 60).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 12th day of February, 2009